IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NEW CENTURY HEALTH QUALITY ALLIANCE, INC., et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. 05-0555-CV-W-SOW<br>) |
| BLUE CROSS AND BLUE SHIELD OF KANSAS CITY, INC., et al., | )<br>)<br>) |
| Defendants. | ) |

ORDER

Before the Court are plaintiffs' Motion to Remand (Doc. # 24), plaintiffs' Suggestions in Support (Doc. # 25), defendants' Suggestions in Opposition (Doc. # 55), and plaintiffs' Reply (Doc. # 78). For the reasons stated herein, plaintiffs' Motion to Remand (Doc. # 24) is granted.

I. Background

On February 14, 2005, plaintiffs New Century Health Quality Alliance et al. commenced this action in the Circuit Court of Jackson County, Missouri, individually and as representatives for a putative class of other physicians and healthcare providers similarly situated, against numerous health insurance company defendants. The named defendants are health insurance companies that issue health insurance policies and coverage to individuals within the Region and contract with the plaintiffs for the provision of healthcare services to defendants' insureds in exchange for compensation. The plaintiffs assert several claims against the defendants, including claims for alleged unlawful illegal restraints on trade, combinations of restraint in trade, price fixing, and monopolistic and oligopolistic activities by the defendants. The claims asserted by the plaintiffs are brought under Missouri state law, and there are no claims under federal law.

Amended petitions were filed on February 15, 16, 27, and March 4, 2005.

Meanwhile, four days after the plaintiffs commenced this action, on February 18, 2005, Congress signed into law the Class Action Fairness Act of 2005, 28 U.S.C. § 1332, et seq. ("CAFA"). This new law expanded the subject matter jurisdiction of federal courts over class actions where there is minimal diversity and the amount in controversy exceeds $5,000,000. As amended, section 1332(d) provides that the United States District Courts have original jurisdiction over any class in which: (1) the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; (2) at least one member of the plaintiff class is a citizen of a State different from any defendant; and (3) the number of members of the putative class is not less than 100. CAFA permits defendants to remove a class action to federal court if the above requirements are satisfied.

On April 25, 2005 (after the effective date of CAFA), plaintiffs filed a motion for leave to amend their petition, seeking to file a Fifth Amended Petition clarifying various allegations and the exact names of the several party defendants. On April 25, 2005, the Jackson County Circuit Court granted the motion for leave and entered its order allowing leave, noting that such amended petition shall relate back to the original filing of this action. The Fifth Amended Petition, which was filed after the effective date of CAFA, corrected the petition to reflect that Ingenix, Inc. should have been listed as a defendant instead of Ingenix Health Intelligence, Inc. The amended petition also named Consultants in Gastroenterology, PC (C&G) as a plaintiff and proposed class representative.

The plaintiffs' *original* petition had mistakenly named Ingenix Health Intelligence Inc., rather than Ingenix, Inc., as a defendant. Ingenix Health Intelligence, Inc. is a subsidiary of an

2

entity that is, in turn, a subsidiary of Ingenix, Inc. Ingenix, Inc. is a wholly-owned subsidiary of defendant United HealthCare Insurance Company. Further, Ingenix, Inc. was mistakenly added as a party *plaintiff* within the plaintiffs' Third Amended Petition on February 17, 2005 (prior to the effective date of CAFA). Ultimately, Ingenix, Inc. was properly listed as a party defendant in the Fifth Amended Petition.

On June 16, 2005, defendants removed the case to this Court pursuant to the newly-enacted CAFA. Specifically, defendants removed pursuant to section 1332(d), as amended, which gives this Court original jurisdiction. It is defendants' position that this action "commenced" at the earliest on April 28, 2005, when Ingenix, Inc. was added as a defendant in the Fifth Amended Petition, after the effective date of CAFA. CAFA, by its express terms, only applies to civil actions "commenced on or after the effective date" of the Act (February 18, 2005). Pub. L. 109-2, §9, Feb. 18, 2005, 119 Stat. 14. In other words, CAFA is not retroactive.

Plaintiffs disagree and essentially contend that CAFA does not apply because this action was "commenced" prior to the effective date of CAFA when the action was originally filed on February 14, 2005. Furthermore, plaintiffs argue that the Fifth Amended Petition "relates back" to the original petition which was filed on February 14, 2005 (before the effective date of CAFA), pursuant to Federal Rule of Civil Procedure 15(c). Therefore, this action was commenced before the effective date of CAFA, and this Court does not have original jurisdiction pursuant to section 1332(d). The Court agrees with plaintiffs' position.

## II. Discussion

A. Commencement of this action

Plaintiffs point out, and the Court agrees, that given the relatively short existence of

CAFA, neither this Court nor the Eighth Circuit has had an opportunity to interpret the provisions of CAFA as they relate to removal of an action pending in state court prior to its effective date. Indeed, the facts of this case present an interesting procedural issue.

The Court agrees that if an action is commenced after the effective date of CAFA, then that case would be removable to the district court. The key issue presented by this case is when the case "commences." The courts that have addressed the issue of when a case commences have concluded that (absent unique circumstances) the "discrete moment in time" when a case commences is the filing of the original complaint. Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1235 (10th Cir. 2005) (citing Fed. R. Civ. P. 3). "[W]e remain convinced that term "commenced" in the Act refers to the initial filing, not the removal date." Id. at 1237-38. The Court agrees with Pritchett that a case does not commence upon removal, but rather begins with the filing of the state court claim.[1] The Court rejects defendants' contention that the "better view" is that removal commences an action for CAFA purposes.

Next, defendants argue that plaintiffs commenced their case with the addition of Ingenix, Inc. as a new defendant in their Fifth Amended Complaint, filed after CAFA's effective date. Defendants primarily rely on Knudsen v. Liberty Mut. Inc. Co., which states that "the addition of a new defendant . . . could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes." 411 F.3d 805, 806 (7th Cir. 2005). Defendants contend that adding C&G as a new plaintiff and Ingenix, Inc. as a party defendant constituted a "step sufficiently distinct" that commenced a new piece of litigation and thereby created a basis

---

[1] The Pritchett court, while mindful of Congress' goals in passing CAFA, makes the point that a contrary rule "would allow cases to be plucked from state court on the eve of trial." Id. at 1238.

4

for removal. Id. at 806. Yet in this case, it is questionable whether plaintiffs "added" a new party to the litigation. It seems that the naming of both C&G and Ingenix, Inc. to the amended petitions was a correction made by plaintiffs before any of the defendants were served. The Court does not see how this correction constitutes an addition of a party such that a new piece of litigation would commence after the effective date of CAFA.

While the Knudsen court recognized the possibility that a plaintiff could add an affiliated company as a defendant in such a way that a new "window of removal" would be open, the court did not specifically address the relation back issue. Id. at 808. The court "imagined," but did not hold, that a relation back approach modeled on Fed. R. Civ. P. 15(c) would apply to the 2005 CAFA. Id. at 807. Similarly, while Knudsen stated that if a new defendant was added in the future, "it would enjoy a right to remove under the 2005 Act, for suit against it would have been commenced after February 18, 2005," the court at that time did not analyze what would happen if a motion to remand was filed after the removal, with allegations that the later filing related back to the original, which is the issue before this Court. Id. at 808. Therefore, defendants' reliance on Knudsen as dispositive of the issue before this Court is misplaced.

B. CAFA and relation back

Plaintiffs' claims did not commence upon the addition of Ingenix, Inc. as a party defendant in the Fifth Amended Complaint, even though it was filed after the effective date of CAFA. Both parties make much of the fact that on August 25, 2005, the originating state court issued an *ex parte* order, before defendants had been served, stating that the Fifth Amended Petition related back to the original filing of this action (pre-CAFA). Plaintiffs argue that this order deems that the claims commenced, or relate back, to the original filing date of February 14,

5

2005. Defendants contend that the order merely applies the relation back doctrine for statute of limitations purposes and that the purpose of the relation back doctrine is to eliminate the statute of limitations defense where the defendant timely received notice of the action.

Federal Rule of Civil Procedure 15(c) governs relation back in federal court.[2] Brown v. E.W. Bliss Co., 818 F.2d 1405, 1409 (8th Cir. 1987). While it is true that 15(c) is often looked to for statute of limitations purposes, the Court agrees, as the Knudsen court posited, that a similar approach to 15(c) analysis for statute of limitations purposes applies to CAFA. Furthermore, the district court is required to resolve all doubts in favor of remand. In re Business Men's Assurance Co. of Am. 992 F.2d 181, 183 (8th Cir. 1993).

Under Fed. R. Civ. P. 15(c), an amendment to a pleading will relate back to the date of the original pleading when the claim or defense asserted arose out of the same conduct, transaction, or occurrence set forth in the original pleading, and if the amendment changes the party, or the naming of the party, against whom a claim is asserted, within the time period for service of the summons and complaint pursuant to Fed. R. Civ. P. 4(m), the party to be brought in by amendment "(A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c)(3).

Knudsen, which was relied on by the defendants as support for their contention that the amendments did not relate back, recognized that Fed. R. Civ. P. 15(c) specifies when a claim will

---

[2]Plaintiffs' reliance on Missouri Rule of 55.33(c) regarding relation back is misplaced. The mistake is a moot point though because the rules are virtually identical.

relate back and when it will be treated as "sufficiently independent of the original contentions that it must be treated as fresh litigation." 411 F.3d at 807. In this case, the Court believes that the claims relate back and are not independent of the original claims alleged by the plaintiffs. With each amended complaint, plaintiffs have alleged the same general claims against defendants, including claims for alleged unlawful illegal restraints on trade, combinations of restraint in trade, price fixing, and monopolistic and oligopolistic activities. Furthermore, all of the amendments were made before any defendant was served. The Court fails to see how these amendments are "sufficiently independent of the original contentions" to constitute "fresh litigation" such that the claims would not relate back to the original date of filing. These are not new and novel claims being alleged by the plaintiffs against a new additional defendant after the effective date of CAFA. Rather, the claims are essentially the same throughout.

The parties do not argue that Ingenix, Inc. would be prejudiced in maintaining a defense on the merits, rather the issue is whether Ingenix, Inc. knew or should have known that but for the mistake the action would have been brought against it before the effective date of CAFA. Further, the parties seemingly agree that the terms of CAFA do not apply to all other defendants, excluding Ingenix, Inc. The Court believes that it did have notice. The "misnomer principle" is often applied in the context of relation back when a plaintiff has sued a corporation, but misnamed it, such as naming a parent corporation instead of a subsidiary. Roberts v. Michaels, 219 F.3d 775, 778 (8th Cir. 2000).

It seems as though in an attempt to file this action in state court prior to the effective date of CAFA, plaintiffs included a multitude of defendants in their original petition, including multiple permutations of the removing defendants' corporate families. Indeed, the corporate

7

structure of the named defendants in this case are complex and confusing. Since the date of the filing of the petition, plaintiffs have learned, through further investigation, that certain named entities no longer operate in the State of Missouri. As such, plaintiffs have sought leave to amend their petition in order to clarify that suit was being brought against entities not precisely listed in the original petition, including Ingenix, Inc., rather than Ingenix Health Intelligence, Inc.

Clearly, plaintiffs' omission of the technical party defendant Ingenix, Inc. from the original petition was a mistake in the identify of the appropriate defendant. Furthermore, plaintiffs assert the same claims in the amended petition. Once the plaintiffs discovered the name of the correct corporate defendant, they amended their petition to add this name and dropped the original, mistaken Ingenix entity. Defendants allege that there was no mistake and that plaintiffs knew, prior to CAFA's effective date, of Ingenix's existence and cannot now rely on the relation back rule. Indeed, plaintiffs did know of Ingenix's existence prior to the effective date of CAFA, but did not know the proper name of the defendant under Ingenix's corporate umbrella.

### III. Conclusion

Since the Fifth Amended Petition relates back to the original petition, all that is required by 15(c)(3)(A) is that Ingenix, Inc. receive notice of the suit within the time prescribed by Fed. R. Civ. P. 4(m) for service. Ingenix, Inc. was timely served on May 23, 2005. As in Roberts, this case involves a "misnomer" or a petition that sued the right party by the wrong name. 219 F.3d at 778. Therefore, in this case, plaintiffs' original petition relates back to the date of the original filing (pre-CAFA).

Accordingly, it is hereby

8

ORDERED that plaintiffs' Motion to Remand (Doc. # 24) is granted. It is further

ORDERED that the remaining pending motions (Docs. # 29, 32, 35, 36, 38, 40, 41, 42, 49, 56, 74, 75, 80) are dismissed as moot.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 9-13-05